T.C. Memo. 1999-370


UNITED STATES TAX COURT


JOHN MICHAEL AND JANICE HILL BRANNON, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 24597-91.                    Filed November 5, 1999.


John Michael Brannon, pro se.

Horace Crump, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


CARLUZZO, Special Trial Judge:  Respondent determined deficiencies in petitioners' Federal income taxes in the amounts of $622, $863, and $3,040 for the taxable years 1987, 1988, and 1989, respectively.

The issue for decision for each year in issue is whether income earned as a Methodist minister by John Michael Brannon is subject to the tax on self-employment income. The resolution of the issue depends upon whether Mr. Brannon submitted a timely application for exemption from the tax on self-employment income, which in turn depends upon whether the services he performed as a licensed local pastor in the United Methodist Church constitute the performance of services by a minister of a church within the meaning of section 1402. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. Petitioners are husband and wife. They filed a timely joint Federal income tax return for each year in issue. At the time the petition was filed, petitioners resided in Pike Road, Alabama. References to petitioner are to John Michael Brannon.

On August 1, 1983, while enrolled as a student at Huntington College, petitioner was licensed as a student local pastor for the United Methodist Church (the Church). He was assigned to the Trinity-Weoka Church in the Alabama-West Florida Conference (Trinity-Weoka), which remained in his charge at least through 1990. Between 1985 and 1988, petitioner was enrolled at Emory University Chandler School of Theology seminary in Atlanta.

Petitioner was licensed and served as the local pastor (as compared to a student local pastor) for Trinity-Weoka from 1985 to 1987. On May 25, 1987, he was ordained a deacon in the Church; in June 1990, he was ordained an elder.

Local pastors are divided into three categories: (1) Full time; (2) part time; and (3) student. The distinctions are not relevant to the issue before us and need not be discussed. A local pastor is defined by the Church as

> a person licensed by the district Committee on Ordained
> Ministry to perform all the duties of a pastor,
> including the Sacraments of Baptism and Holy Communion
> as well as the service of marriage (where state laws
> allow), burial, confirmation, and membership reception,
> while assigned to a particular charge.

The ordained ministry of the Church consists of deacons and elders. An individual can be licensed as a local pastor even though the individual has not been ordained a deacon or elder. Deacons are defined by the Church as

> ministers * * * [who] have authority to conduct divine
> worship, to preach the Word, to perform the marriage
> ceremony where the laws of the state or province
> permit, and to bury the dead. When invited to do so by
> an elder, they may assist in the administration of the
> Sacraments.

Elders are "ministers who have completed their formal preparation for the ministry of Word, Sacrament and Order".

The authority of a local pastor is limited by both geography and time. Local pastors are authorized to act only as described

above within the boundaries of their charge, and only as long as they are licensed by the Church to do so.

Petitioner's annual earnings from performing as a local pastor the services described above exceeded $400 in 1983 and 1984.

The application for exemption from self-employment tax contemplated by section 1402(e) is embodied in Form 4361, "Application for Exemption from Self-Employment Tax for Use by Ministers, Members of Religious Orders, and Christian Science Practitioners". In addition to other information, an applicant for exemption must report on that form: (1) The date that the applicant was "ordained, licensed, etc." (line 3); and (2) the first 2 years after the date listed on line 3 that the applicant had "net self-employment earnings of $400 or more, any part of which came from services as a: minister, priest, rabbi, etc." (line 5).

On April 17, 1989, petitioner filed a Form 4361. On that form petitioner indicated that the date he was "ordained, licensed, etc." was May 25, 1987 (the date that he was ordained a deacon). He reported that 1988 and 1989 were the first 2 years after the date of his ordination in which he had "net self-employment earnings of $400 or more, any part of which came from services as a: minister, priest, rabbi, etc." Relying upon the information reported on the form, on April 9, 1990, respondent

granted petitioner's application for exemption from self-employment tax.

Included with petitioners' Federal income tax return for each year in issue is a Schedule C on which petitioners reported the earnings and expenses attributable to petitioner's ministry as follows:

|                  | 1987     | 1988     | 1989     |
|------------------|----------|----------|----------|
| Gross receipts   | $12,150  | $13,783  | $19,400  |
| Car & truck exp. | 4,511    | 4,786    | 4,993    |
| Educ. exp.       | 1,523    | 440      | -0-      |
| Net profit       | 6,116    | 8,557    | 14,407   |

Petitioners did not treat the net profit for any year as net earnings from self-employment.

In the notice of deficiency, respondent determined that the services that petitioner provided as a minister during each year in issue were provided as an employee of the Church and that the income and expenses attributable to those services must be reported accordingly. Respondent also determined that the income that petitioner earned as a minister was subject to the tax on self-employment income. Other adjustments made in the notice of deficiency are not in dispute.

## OPINION

Although petitioner's employment status as a Methodist minister was at one time in dispute, the parties now agree that the services that petitioner performed as a minister during the

years in issue were performed as an employee of the Church. See Weber v. Commissioner, 103 T.C. 378 (1994), affd. 60 F.3d 1104 (4th Cir. 1995). They disagree, however, over whether the tax on self-employment income is applicable to the income that petitioner earned as a minister during those years.

In addition to other taxes, an individual's self-employment income is subject to a tax imposed pursuant to section 1401. Subject to irrelevant exceptions, self-employment income is defined as the "net earnings from self-employment derived by an individual * * * during any taxable year." Sec. 1402(b). "Net earnings from self-employment" include the gross income earned by an individual from any trade or business, less deductions attributable to that trade or business. See sec. 1402(a). The phrase "trade or business" as used for purposes of the tax on self-employment income has the same meaning as under section 162, which allows a taxpayer to deduct ordinary and necessary expenses paid or incurred in carrying on any trade or business. See sec. 1402(c).

Although an individual can be in the trade or business of being an employee, see O'Malley v. Commissioner, 91 T.C. 352, 363-364 (1988), and Primuth v. Commissioner, 54 T.C. 374, 377 (1970), generally the income earned by an individual who performs services as an employee is not considered to be income earned in a trade or business for purposes of the tax on self-employment

income.  See sec. 1402(c)(2).  There are exceptions to this general rule, however, and one of the exceptions is relevant here.  The income earned by an individual in the performance of services as an employee/minister of a church is subject to the tax on self-employment income unless the individual files a timely application for exemption.  See sec. 1402(c)(2)(D), (c)(4), (e).  To be effective, the application must be timely, and the time limitations set forth in the statute are mandatory and strictly enforced.  See Wingo v. Commissioner, 89 T.C. 922, 930 (1987); sec. 1.1402(e)-3A, Income Tax Regs.

For the years involved here, an application for exemption is timely only if the "duly ordained, commissioned, or licensed minister" files the application before the due date of the return for the second taxable year for which the minister has net earnings from self-employment of $400 or more, any part of which was derived from the performance of services in the minister's ministry.  See sec. 1402(e)(2).

Petitioner's application for exemption from the self-employment tax was filed on April 17, 1989.  Petitioners argue that the application, which was approved based upon the information reported thereon, was timely because petitioner did not perform services as a minister until he was ordained a deacon on May 25, 1987.  According to petitioners, providing services as a licensed local pastor in previous years did not constitute the

performance of services as a minister within the meaning of section 1402 because the authority of a local pastor is not as extensive as the authority of an ordained deacon.

Respondent disagrees and argues that the services that petitioner performed as a local pastor in 1983 and 1984 constituted the performance of services as a "licensed" minister, even though petitioner was not yet an "ordained" minister. Because petitioner earned more than $400 from the performance of such services in those years (a point that is not in dispute), respondent maintains that the application was not timely because it was not filed by the due date of petitioner's 1984 Federal income tax return.

Petitioners' argument that the period for filing the application for exemption did not begin to run until the date of his ordination, is incorrect. The phrase "duly ordained, commissioned, or licensed minister", as used in the relevant statutory scheme, is a disjunctive phrase. The statute applies if the individual is either an ordained minister, a commissioned minister, or a licensed minister. See Wingo v. Commissioner, supra at 933; Salkov v. Commissioner, 46 T.C. 190, 197 (1966).

Whether an individual performs services as an ordained, commissioned, or licensed minister depends upon the type of services performed, not just on the official title of the person performing those services. Consequently, we focus upon the

services that petitioner performed as a licensed local pastor during 1983 and 1984 in order to determine whether such services constituted the performance of services as a licensed minister within the meaning of section 1402.

An individual acting pursuant to authority derived from his or her status as a duly ordained, commissioned, or licensed minister of a church, who in the exercise of his or her ministry: (1) Presides over the ministration of sacerdotal functions; (2) conducts religious worship; and (3) participates in the control, conduct, and maintenance of religious organizations (including the religious boards, societies, and other integral agencies of such organizations), under the authority of a religious body constituting a church or church denomination, performs services as a minister within the meaning of section 1402. See Wingo v. Commissioner, supra at 931; sec. 1.1402(c)-5(b)(2), Income Tax Regs.

Set against these criteria, and taking into account the respective positions of the parties, we examine what petitioner did as a licensed local pastor in 1983 and 1984 in order to determine whether the services he performed as such constituted the services of a "duly ordained, commissioned, or licensed minister" within the meaning of section 1402.

As a licensed local pastor, petitioner was authorized by the Church to preside over the ministration of sacerdotal functions,

such as Baptism, Holy Communion, and marriage.  Petitioners agree that petitioner performed these services during 1983 and 1984, but they argue that as a local pastor petitioner was authorized to do so only as long as his license was in effect, and only within the boundaries of his charge.  We recognize that petitioner's authority as a licensed local pastor was limited by the duration of his license and the designated charge to which it applied.  Nevertheless, subject to those limitations, during 1983 and 1984, he presided over the ministration of sacerdotal functions and therefore for those years acted in a manner consistent with the "performance of service by a duly ordained, commissioned, or licensed minister" within the meaning of section 1402.

Petitioners do not dispute that as a licensed local pastor petitioner conducted religious worship during 1983 and 1984.

Petitioners point out that a licensed local pastor is considered a lay person who has no "voice or vote" on official matters of the Church.  Consequently, they argue that during 1983 and 1984, petitioner could not, and did not, "serve in the control, conduct and maintenance" of the Church.  Implicit in petitioners' argument is the suggestion that petitioner's service is measured in the context of the Church as a governing organization.  We rejected a similar argument advanced by the

taxpayer in <u>Wingo v. Commissioner</u>, <u>supra</u>, and concluded as follows:

> To perform services in the control, conduct, and maintenance of the church or organizations within the church, the minister need only have some participation in the conduct, control, and maintenance of the <u>local</u> church or denomination. [<u>Id.</u> at 936; emphasis supplied.]

During 1983 and 1984, as a licensed local pastor petitioner served "in the control, conduct, and maintenance" of his charge, that is, Trinity-Weoka, even though as a licensed local pastor he might not have done so with respect to the Church as the governing organization.

In 1983 and 1984, as a licensed local pastor, petitioner: (1) Presided over the ministration of sacerdotal functions; (2) conducted religious worship; and (3) served in the control, conduct, and maintenance of his charge within the Church. Therefore, during those years he performed services as a minister within the meaning of section 1402. That being so, and because for each of those years petitioner had net earnings of at least $400 derived for the performance of services as a minister, to be effective, his application for exemption from the tax on self-employment income should have been filed prior to the due date of his 1984 Federal income tax return. Because it was not so filed, respondent's determination that petitioner's earnings as a

minister are not exempt from the tax on self-employment income imposed by section 1401 is sustained for each year in issue.

In closing, we respond briefly to a question raised by petitioners at trial and repeated in their brief.  They question how an individual could be treated as an employee (and therefore not self-employed) for purposes of deductions allowable under section 162, yet be treated as "self-employed" for purposes of section 1401.  Perhaps the question results from the common practice of referring to the tax imposed by section 1401 as the "self-employment" tax.  That designation is somewhat misleading because it suggests that the tax is imposed only upon individuals who are self-employed.  Technically, as noted above, that tax is imposed upon an individual's "self-employment income", which by definition, includes income earned as an employee under various circumstances, including those present in this case.

To reflect the foregoing,

<u>Decision will be</u>

<u>entered for respondent</u>.